UNITED STATES of America,
Plaintiff–Appellee,

v.

Kenneth DOSSEY, Defendant–
Appellant.

No. 01–5714.

United States Court of Appeals,
Sixth Circuit.

April 8, 2003.

Before: BOGGS, SILER, and GIBBONS, Circuit Judges.

## OPINION

GIBBONS, Circuit Judge.

Defendant-appellant Kenneth Dossey was convicted of two counts of intentional

interception of telephone communications in violation of 18 U.S.C. § 2511(1)(a) and two counts of mail fraud in violation of 18 U.S.C. §§ 1341 and 1342. He appeals his conviction, claiming that the government (1) suppressed evidence in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); (2) violated Federal Rule of Criminal Procedure 16(a)(1)(D) by failing to disclose a scientific experiment conducted by a government witness; and (3) failed to present sufficient evidence to support his conviction. For the reasons set forth below, we affirm Dossey's conviction.

## I.

On April 5, 2000, a federal grand jury returned an indictment charging defendant-appellant Kenneth Dossey with six counts of intentional interception of telephone communications in violation of 18 U.S.C. § 2511(1)(a) and with two counts of mail fraud in violation of 18 U.S.C. §§ 1341 and 1342. The charges of intentional interception of telephone communications related to Dossey's operation of a hidden recording device at his restaurant business, D & L One Stop. The device recorded telephone conversations between his employees and various third parties. The charges of mail fraud related to an alleged insurance fraud committed by Dossey in which he allegedly exaggerated to his business's insurance carrier the food loss his business suffered from a broken freezer.

At trial, Dossey attempted to demonstrate that his employees knew that their telephone conversations were being recorded and that, therefore, they implicitly consented to such recordings. Pursuant to the statute under which Dossey was charged, it is not unlawful to record a telephone conversation if at least one of the parties to the communication gives prior consent to such recording. 18 U.S.C. § 2511(2)(d). With regard to the insurance fraud charges, Dossey argued that the government failed to prove that he had exaggerated his claimed food loss from the broken freezer.

Michael Bennett, a government witness, testified that he had worked at D & L One Stop for approximately one month in the summer of 1999. Bennett identified his voice on two of the tape recordings collected by Dossey. Bennett testified that no one had informed him that his telephone conversations at D & L One Stop could be recorded and that he had first learned that his telephone conversations had been recorded when a government agent contacted him in connection with an investigation of Dossey.

At a pretrial conference, the government disclosed that Bennett had a prior "felony conviction for marijuana," but the government stated that it did not know any details about the felony conviction. On cross-examination at trial, Dossey's attorney attempted to impeach Bennett by introducing Bennett's prior drug convictions. The government did not object and acknowledged again that Bennett had a felony marijuana conviction, but the district court did not allow Dossey's attorney to question Bennett regarding his prior convictions because Dossey's attorney only had documentation of a prior misdemeanor marijuana conviction. The district court stated that it would only allow Dossey's attorney to question Bennett about a prior drug conviction if the conviction was a felony. Dossey's attorney did not object to the district court's ruling and did not request that the government stipulate to the felony marijuana conviction; instead, he stated, "Okay. All right" and "I don't have any further questions of this witness."

Karen Tittle, a government witness, was employed by Dossey as a personal assistant in 1999. She testified that she pre-

pared the insurance claim with regard to the broken freezer at D & L One Stop. She explained that Dossey instructed her to prepare an inflated list of food items that were spoiled due to the broken freezer. She testified that the list of allegedly spoiled food items submitted to the insurance company included items that were not in the freezer when it broke and items that were in the freezer but that had been moved to another freezer before they spoiled.

Elaine Downs, a government witness, purchased the D & L One Stop business from Dossey, including the freezer that had been broken. Before the day of her testimony, the government gave her the list of allegedly spoiled food items that Dossey had submitted to his business's insurance carrier. She testified that she had attempted to fit those food items into the freezer that she had purchased from Dossey but that they could not all fit in the freezer at one time. Dossey's attorney objected to her testimony, stating, "What we got, a scientific experiment here?" The district court overruled the objection, stating that the experiment was not scientific and did not require that Downs be qualified as an expert witness.

The jury found Dossey guilty of two out of the six counts of intentional interception of telephone communications and both counts of mail fraud. The two counts of intentional interception of telephone communications of which Dossey was convicted relate to recordings of Bennett's telephone conversations. The district court sentenced Dossey to two years probation, with home confinement for the first six months, and ordered Dossey to pay a special assessment of $400 and restitution in the amount of $5,759.78. This appeal followed.

## II.

This court reviews a district court's evidentiary rulings for abuse of discretion.

*United States v. Middleton,* 246 F.3d 825, 836 (6th Cir.2001). This court also reviews a district court's regulation of discovery for abuse of discretion. *United States v. Sherlin,* 67 F.3d 1208, 1218 (6th Cir.1995).

■ Dossey claims that the government violated the rule announced in *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by not providing the defense with documentation of Bennett's felony marijuana conviction. The Supreme Court in *Brady* held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87.

Dossey has not presented any evidence that the government did anything to suppress the documentation of Bennett's felony marijuana conviction. In contrast, the government acknowledged at the pretrial conference and again at trial that Bennett had a prior felony marijuana conviction. In addition, Dossey acknowledges in his brief that he was able to obtain the documentation of Bennett's prior felony marijuana conviction from "the Barren County Courthouse after the trial was completed." There is nothing in the record to suggest that Dossey's attorney could not have just as easily obtained the same documentation before or during the trial.

*Brady* prohibits the government from suppressing evidence favorable to the accused, but it does not require the government to gather evidence for the defense, especially when the defense knows about the evidence, makes no request for the evidence, and has equal access to the evidence. In this case, the government satisfied its *Brady* obligations by disclosing before trial the fact that Bennett had a prior felony marijuana conviction.

.     .

■ Dossey also claims that the district court abused its discretion by allowing Elaine Downs to testify regarding the freezer-filling experiment she conducted. The sole argument Dossey presents on appeal in support of this claim is that the government violated Federal Rule of Criminal Procedure 16(a)(1)(D) by not disclosing the experiment in advance of trial. Rule 16(a)(1)(D), as it was at the time of trial, provided:

> Upon request of a defendant the government shall permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

(In 2002, Rule 16 was amended for stylistic purposes and former Rule 16(a)(1)(D) is now located in Rule 16(a)(1)(F).)

Putting aside the issue of whether Downs' packing a freezer with a specified array of food items constitutes a "scientific test or experiment" under Rule 16, Dossey does not present any evidence that he ever requested disclosure of any tests or experiments pursuant to Rule 16. Pursuant to the language of the rule, the government's obligations under Rule 16(a)(1)(D) are not triggered unless the defendant makes a request. Moreover, there is not any evidence that Downs' experiment generated any tangible "results or reports" that Dossey could have requested to "inspect and copy or photograph." Furthermore, Dossey did not make any Rule 16 objection to Downs' testimony at trial. For all these reasons, Dossey's allegation on appeal that the government violated Rule 16(a)(1)(D) is unfounded, and we find that the district court did not abuse its discretion in allowing Downs to testify.

■ Dossey's final claim on appeal is that there was insufficient evidence presented at trial to support the jury's conclusion that he intentionally intercepted Bennett's telephone conversations in violation of 18 U.S.C. § 2511(1)(a). Specifically, Dossey contends that "there is ample evidence that Bennett knew or should have known that the recordings were being made" and that "there was testimony that the Defendant/Appellant was unaware that he was committing an illegal act." In reviewing claims for insufficiency of the evidence to support a conviction, this court, reviewing the record in the light most favorable to the prosecution, grants relief only if it is found that upon the evidence adduced at the trial, no rational trier of fact could have found proof of guilt beyond a reasonable doubt. *United States v. Abner*, 35 F.3d 251, 253 (6th Cir.1994).

A thorough review of the record reveals that Dossey's conviction for violation of 18 U.S.C. § 2511(1)(a) was supported by substantial and competent evidence such that a rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. The evidence was uncontroverted that Dossey had installed a hidden recording device to tape telephone conversations at the D & L One Stop. Government witness Rodney Tittle testified that he was instructed by Dossey to install the recording device and "not to tell anybody" about the device. Bennett testified that no one informed him that his telephone conversations at the D & L One Stop were subject to being recorded. In his brief, Dossey contends that there is "ample" evidence that Bennett knew or should have known that his telephone conversations were being recorded, but Dos-

sey does not cite any evidence in support of this contention. Moreover, our independent review of the record does not reveal any such evidence.

With regard to Dossey's claim that he was unaware that he was committing an illegal act, it is well-established that ignorance of the law is generally not a defense to a criminal charge. *United States v. Baker*, 197 F.3d 211, 218 (6th Cir.1999) (sustaining a criminal defendant-appellant's conviction and reaffirming "the centuries-old maxim that 'ignorance of the law is no excuse' "). Moreover, Bennett testified that he told Dossey "that recording private personal calls was illegal."

## III.

For all the foregoing reasons, we affirm the district court's judgment in all respects.